IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **ZENITH ELECTRONICS LLC,** | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 5:06-CV-246-DF |
| **VIZIO, INC., et al.,** | § | |
| Defendants. | § | |

**FINAL JUDGMENT**

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the Court's Order, filed contemporaneously herewith, on Plaintiff Zenith Electronics LLC ("Zenith") pending motion for summary judgment, the Court hereby enters judgment for Zenith and against Defendant Westinghouse Digital Electronics LLC ("Westinghouse") for infringement of Claims 40, 67, 78, and 85 of United States Patent No. Re. 36,992 ("the '992 Reissue"), Claim 30 of United States Patent No. 5,677,911 ("the '911 patent"), Claim 12 of United States Patent No. 5,629,958 ("the '958 patent"), Claims 2 and 5 of United States Patent No. 5,636,251 ("the '251 patent"), Claim 10 of United States Patent No. 5,534,938 ("the '938 patent"), and Claim 11 of United States Patent No. 5,619,269 ("the '269 patent").

The Court awards Zenith reasonable royalty damages in the amount of $25,433,968. The Court awards prejudgment interest on this amount at the prime rate, compounded annually. The

Court also awards enhanced damages in the amount of $50,867,936 (with no prejudgment interest as to this enhancement).

As to Zenith's Third Cause of Action for Declaratory Relief, the Court finds that as between Zenith and Westinghouse, Zenith has discharged its obligation to license the following patents-in-suit on reasonable and nondiscriminatory terms: the '992 Reissue, the '911 patent, the '958 patent, the '251 patent, the '938 patent, the '269 patent, United States Patent No. 5,416,524, United States Patent No. 5,598,220, United States Patent No. 5,802,107, United States Patent No. 5,602,595, United States Patent No. 5,987,070, United States Patent No. 5,111,287, and United States Patent No. 5,086,340.

The Court finds that Zenith is the prevailing party and that the above-captioned case is an exceptional case pursuant to 35 U.S.C. § 285.

The Court also hereby enters judgment for Zenith and against Westinghouse on Westinghouse's counterclaims for declaratory judgment of non-infringement, invalidity, and unenforceability.

It is hereby **ORDERED** that Zenith shall have and recover from Westinghouse the reasonably royalty sum of $25,433,968, together with prejudgment interest at the prime rate, compounded annually.  It is further hereby **ORDERED** that Zenith shall have and recover from Westinghouse enhanced damages in the amount of $50,867,936 with no prejudgment interest. The reasonable royalty sum and the enhancement are awarded with post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

This Court retains jurisdiction over Westinghouse to enforce any and all aspects of this Final Judgment.

The Court further retains jurisdiction to award Zenith amounts for supplemental damages, interest, costs, attorney's fees, and such other or further relief as may be just and proper.

All relief not specifically granted herein is hereby denied. All pending motions not previously ruled on are hereby denied. This is a Final Judgment and is appealable.

**SIGNED this 13th day of July, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE